# CARROLL,

## JANUARY TERM, A. D. 1845.

---

## PEABODY *v.* CHAPMAN.

Sureties, who have paid each a moiety of the debt for their principal, have a several right of action against him for indemnity.

A plaintiff against whom the statute of limitations is interposed, by a brief statement under the general issue, should be permitted to prove his claim, in order that he may prove a new promise, if the bar applies.

ASSUMPSIT, upon an account annexed.

The defendant pleaded the general issue, and filed a brief statement, giving notice of a set-off, and also that he would rely upon the statute of limitations as a bar to the plaintiff's demand.

To support his account, the plaintiff offered his book of accounts and his supplementary oath, which was objected to by the defendant. He then contended that the brief statement pleaded the statute of limitations to the whole of his claim, and a part of it accrued within six years; and that, therefore, this brief statement was bad and inoperative, and consequently he was not estopped from giving evidence of the whole, even that part which accrued more than six years before the date of the writ, in the same manner that he might have done had the defendant pleaded only the general issue. But the court ruled otherwise, and admitted him to prove only that part of his claim which accrued within six years preceding the date of the writ.

To support his set-off the defendant offered evidence

tending to show that in 1835 he and one John Hodgdon, at the request of the plaintiff, signed with him as his sureties a note to the Winnepisiogee Bank, for three hundred and fifty dollars, which the sureties were obliged to pay; that each paid a moiety in severalty, and also settled between themselves the costs and expenses in and about the matter, and each paid his moiety thereof : That the plaintiff mortgaged to them in common a piece of land in Epsom, to secure them for the money so paid ; which they thereafter, with his consent, sold, and divided the proceeds of the sale between them in equal shares, after deducting the expenses of selling : That the proceeds of the sale of the mortgaged premises fell far short of the amount so paid by the defendant and Hodgdon : That the plaintiff had since settled with Hodgdon for what he had so paid, but had never settled with the defendant; and for the balance so paid by him, over what he had received by the sale of the mortgaged premises, the defendant now claimed to be allowed in set-off to the plaintiff's claim.

To this the plaintiff objected, on the ground that the money was paid by him and Hodgdon as co-sureties, and consequently their claim was joint and not several. But the court overruled the objection, and instructed the jury that if they found that Hodgdon and the defendant had paid each a moiety of the bank note, and had received each a moiety of the proceeds of the sale of the Epsom land, and that the plaintiff had since settled with Hodgdon alone for the amount which he claimed to be due to him, they might allow to the defendant in this action whatever they found belonged to him on that account; and if the sum thus found due to the defendant was equal to the plaintiff's claim, accruing within six years prior to the date of the writ, they might return a verdict for the defendant; which they did. The plaintiff excepted to the foregoing rulings and instructions of the court, and moved that the verdict be set aside, and for a new trial.

*Emerson*, for the defendant.

*Hobbs*, for the plaintiff.

GILCHRIST, J. Ordinarily two persons, who as sureties for a third have advanced money for him, cannot join in an action upon an implied promise for their indemnity. The case is different in equity, whose forms of proceeding are such as to obviate the inconveniences that would attend such joinder of parties at law; but the implied undertaking upon which the action or bill is founded, is commonly understood to give a several and not a joint interest to the parties in whose favor it is raised. *Brand* v. *Boulcott*, 3 Bos. & Pul. 236; *Wright* v. *Hunt*, 5 Ves. 792; *Blain* v. *Agar*, 1 Sim. 34; 2 Sim. 289. The court, therefore, properly admitted the claim of the defendant, founded upon his disbursements in payment of the debt for which he had become liable as surety to the plaintiff, to be shown under the set-off which he had exhibited in the action.

The verdict must, however, be set aside upon the other exception. To the plaintiff's claim the bar of the statute of limitations was interposed, but that bar could not properly have prevented his proving his demands; for, till such proof was made, it was not possible to know whether it was applicable to them or not, nor was it perhaps possible for him to meet the defence by evidence of a new promise. Such evidence might be wholly unintelligible without a knowledge of what the original undertaking was.

It was clearly the right of the plaintiff to offer competent evidence of his demand, however obnoxious it might seem to the defence set up; and this right was denied him. There must, therefore, be a

*New trial.*